

**SO ORDERED.**
**SIGNED this 12th day of April, 2016**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **James Moore** ) | **CASE NO. 1:06-bk-11736-SDR** |
| ) | **CHAPTER 13** |
| ) | |
| **Debtor.** ) | |
| ) | |

### MEMORANDUM

This matter is before the court on the motions of National Data Center, Inc. and Valley of the Moon Royalties, Inc. to Deny Motion of Debtor for a Protective Order, or in the Alternative for a Motion for Summary Judgment on the Debtor's Motion for Protective Order ("Moore Motion") filed on March 13, 2015. The Moore Motion seeks to require National Data Center, Inc. ("NDC"), Valley of the Moon Royalties, Inc. ("VMR"), and certain unnamed subscribers and/or customers of theirs (collectively the "Respondents") to take action to redact the Debtor's personally identifiable information ("PII") from their records and to prohibit the Respondents from fur-

1

ther disseminating that information, relying on 11 U.S.C. §§ 105(a) and 107(c), Fed. R. Bankr. P. 9037(d)(1) and (2), and Fed. R. Bankr. P. 7065(b).

**I. Procedural Background**

The Moore Motion was filed on March 13, 2015, and was first heard on April 17, 2015. An agreed order was entered temporarily restricting access to the Debtor's case information, including his Social Security number, and prohibiting any and all dissemination of that information until an evidentiary hearing could be held. (Doc. No. 103.)

At approximately the same time, the Debtor's counsel filed a similar motion in the bankruptcy case of Bill Anderson Bankston and Phyllis Ann Bankston. *In re Bankston*, Case No. 12-14022, Doc. No. 119. (Any documents appearing in the *In re Bankston* docket will be referred to as "*Bankston,* Doc. No. __") All parties agree that the facts of this case are almost identical to those of *In re Bankston*.

NDC and VMR objected to the motions in both the *Moore* and the *Bankston* cases on three grounds: (1) the request for injunctive relief was procedurally improper, (2) the Debtors lacked a private cause of action under sections 107 and 105 of the Bankruptcy Code, and (3) the Debtors failed to make the requisite showing to obtain relief under Fed. R. Bankr. P. 9037(d)(1) and (d)(2).

At a hearing on an Application to Employ Special Counsel in this case and the objections to the *Bankston* Motion for a Protective Order held on May 21, 2015, Debtor's counsel acknowledged that the request was based on a theory that would expand the scope of section 107 further than it had ever been expanded before, but he contended that the potential harm from the alleged sale of PII to entities who are not parties in interest in the case merited the expansion. The court ordered the parties to file briefs in both cases on the extent of the court's authority to grant the

relief requested under sections 107 and 105 and Rule 9037. The court also asked the parties to identify the risk of identity theft or other unlawful harm the movants were facing that would be stopped by the entry of such a protective order. The parties provided comprehensive briefing on the issues; however, prior to the court issuing its opinion on the legal question of the scope of its authority, the *Bankston* case was dismissed for nonpayment on July 1, 2015. In an order entered October 15, 2015, the court announced that it would exercise discretionary jurisdiction and rule on the pending motion, but denied the motion for a protective order in *Bankston*. *Bankston*, Order Denying Motion for Protective Order, Doc. No. 162.

On December 23, 2015, both NDC and VMR filed motions for summary judgment in this case, arguing that the court's decision in *Bankston* entitled them to judgment as a matter of law.

**II. Undisputed Facts**

**A. Undisputed Facts Proposed by VMR and DNC**

Based on a review of the Statement of Undisputed Facts filed by VMR and NDC and the Debtor's Responses, there is no genuine issue of the following material facts. The Debtor has agreed that the facts are undisputed or the court has concluded that the disputes, noted with each fact, are not genuine disputes related to material facts.

On March 13, 2015, James Moore (the "Debtor") filed a Motion of Debtor for a Protective Order pursuant to 11 U.S.C. §§ 105(a) and 107(c) and Fed. R. Bankr. P. 9037(d)(1), 9037(d)(2) and 7065(b). (Doc. No. 75.)

NDC filed its Response and Objection of National Data Center, Inc. to the Moore Motion on April 8, 2015. (Doc. No. 84.) VMR also expressed its opposition to the Moore Motion at the preliminary hearing on that motion held on April 9, 2015 and April 17, 2015.

The Moore Motion was subsequently modified by this Court's Order dated April 22, 2015, wherein the court struck Debtor's Requests for Relief Nos. 3, and 5-7 and stated that the court will address only Requests for Relief Nos. 1, 2, and 4. (Doc. Nos. 104 and 105.)

VMR did not file a proof of claim or make any filing in the *Moore* case. The Debtor disputes this fact only to the extent that he points out that VMR participated in the filing of the Joint Emergency Motion to Modify Scheduling Order and Stay All Discovery and Supplemental Objection to Motion of Debtor for a Protective Order. This minor discrepancy does not relate to a material fact necessary for the court's consideration of the issues raised in the Moore Motion.

VMR is not a creditor in Debtor's case.

If VMR had the Debtor's personally identifiable information, which it has denied, it did not obtain it from the court's records. There is a dispute regarding whether it has the Debtor's PII, but there is no dispute that whatever PII VMR does have, that PII was obtained from a source other than the court's records.

In *Bankston*, the debtors, through the same counsel as represents Mr. Moore, filed a virtually identical Motion for Protective Order against NDC and VMR. *Bankston*, Doc. No. 119. On May 29, 2015, the court entered an Order in *Bankston* asking counsel for all parties to brief the following issues: a) "whether [Section] 107(c)(1) also authorizes the court to prohibit entities that are not parties to a bankruptcy case from disseminating personal data identifiers to creditors filing proofs of claim in the bankruptcy court when the proofs of claim do not themselves disclose any personal data identifiers;" b) "whether [Section 105(a)] empowers the court to issue an order including a prohibition of the kind described above, if the court concludes that [Section] 107(c)(1) does not authorize the court to do so;" c) "whether Rule 9037(d) also authorizes the court to prohibit entities that are not parties to a bankruptcy case from disseminating personal

4

data identifiers to creditors filing proofs of claim in the bankruptcy court when the proofs of claim do not themselves disclose any personal data identifiers." *Bankston*, Doc. No. 136.

This court entered a Memorandum Opinion in *Bankston* on October 15, 2015, denying the debtors' Motion for Protective Order. *See In re Bankston*, 2015 WL 6126440 (Bankr. E.D. Tenn. Oct. 15, 2015).

The Court entered a separate Order in *Bankston* on October 15, 2015 denying the debtors' Motion for Protective Order. *Bankston*, Doc. No. 162. The debtors did not appeal the Court's Memorandum Opinion and Order entered in *Bankston*.

Mr. Moore died on July 9, 2015. (Doc. No. 147.)

**B. Undisputed Facts Proposed by Debtor**

The Debtor contends that the following additional facts are undisputed.

Other than the Joint Emergency Motion to Modify Scheduling Order and Stay All Discovery and Supplemental Objection to Motion of Debtor for a Protective Order (Doc. No. 142), which was filed jointly with NDC, VMR did not file a direct response or objection to the Motion for Protective Order in this case. As to this fact, the court finds that VMR orally voiced its opposition at two hearings and objected in writing in the Supplemental Objection. The court does not find that there is a genuine issue of fact regarding whether VMR has objected to the relief sought.

The Debtor's statement includes a series of facts related to the operations of VMR and Mr. Brasiel, a former Chief Executive Officer of NDC who also created software which allowed the matching of debtors' case information with subscribers who were creditors or debt buyers. The parties disagree as to the Debtor's characterization of the nature of the software but primarily VMR objects to the materiality of any of those facts to the issues before the court. (Response

5

of VMR, paragraphs 2- 4 and 6, Doc. No. 169.) The court agrees with the objection. All of these facts relate to what VMR or Mr. Brasiel did with the information after it was sent to NDC by the chapter 13 trustees. The court does not find this material to the issue of the extent of the court's authority to protect documents filed with the court.

In the *Bankston* opinion the court held that VMR was a subscriber of NDC services. *Bankston*, Memorandum Opinion on Motion for Protective Order at 6, Doc. No. 161. The Debtor has now included in his additional undisputed facts that VMR is not a subscriber to the services provided by NDC. (Debtor's Statement of Additional Undisputed Facts at 3, para. 8 (Doc. No. 166-2).) That fact is undisputed by VMR for purposes of the motion for summary judgment. (Reply of VMR at 6, para. 8, Doc. No. 169.) Even if there is a dispute about the nature of the relationship between VMR and NDC, that is not material to the issue of the extent of the court's authority to protect documents filed with the court.

The fact that the Debtor did not receive notice that his case information and Social Security number was transmitted to NDC and made available to subscribers is undisputed. (Declaration of James Moore, Doc. No. 89.) VMR has denied that it has Mr. Moore's PII although from other filings made with the court, the Debtor contends that it probably did have the information. Whether it did or did not is material to any claim the Debtor might have had under some private cause of action, but only information filed in the court's records is material in an analysis of the remedies available under 11 U.S.C. § 107.

The Debtor also proposes the fact that "[i]n light of the conflicting statements, [he] is unable to determine whether VMR has continued to retain his PII, including his nine (9) digit Social Security number, and what steps must be taken to protect his identity. The Debtor is also unable to determine whether VMR has continued to transmit or provide remote electronic access

6

to his PII, including his nine (9) digit Social Security number, and what steps must be taken to protect his identity." (Debtor's Additional Statement of Undisputed Facts at 4, para. 17.) VMR disputes this fact on the basis that because the Debtor is deceased he has no further interest in the protection of his PII.

In reviewing the additional undisputed facts proposed by the Debtor about the use or misuse of the Debtor's PII by VMR and DNC, the court does not find that they are material to the issue of whether this court has the authority to enjoin these third parties from using or misusing PII under section 107 or Rule 9037.

### II. Standard of Review

The motion for a protective order is a contested matter governed by Fed. R. Bank. P. 9014. Subsection (c) of that rule makes Fed. R. Bank. P. 7056 applicable to contested matters. Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kava v. Peters*, No. 09-2327, 2011 WL 6091350, at *3 (6th Cir. Dec. 7, 2011).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

### III. Analysis

#### A. Extent of the Court's Powers under 11 U.S.C. § 107(c) and Rule 9037

The parties do not dispute the facts relevant to the court's consideration of the issue. To the extent that the parties have disputes with the other parties' proposed statements of undisputed facts the court will assume the facts are as the Debtor has stated them for purposes of considering this motion for summary judgment. The Debtor agrees that the PII in the hands of VMR was not obtained from the bankruptcy court. In the Debtor's Statement of Additional Undisputed Facts related to VMR, the Debtor states, "VMR's software system electronically receives Chapter 13 case information from Chapter 13 Trustees, including debtor Social Security numbers. . . ." (Doc. No. 166-2 at 2, para. 3.) In his statement of additional facts for NDC, he states that NDC admits that it "previously received Chapter 13 case information from Satori & Association ('Satori'), acting as software vendor for the Chapter 13 Trustee." (Doc. No. 167-2.) The court takes judicial notice that the PII was disclosed by the Debtor on Official Form B21 filed with the court as part of his bankruptcy petition. (Social Security number Certification, Doc. No. 7.) This form contains a statement of the Debtor's nine-digit Social Security number and is required to be submitted to the court by Fed. R. Bankr. P. 1007(f). Although the information appears on the docket, its viewing is restricted in the court's public records. Official Bankruptcy Form B21, 2012 advisory committee notes; *see also* Fed. R. Bankr. P. 1007(f) and 9037. "Creditors in a

case, along with the trustee and United States Trustee or bankruptcy administrator, will receive the full Social Security number on their copy of the notice of the meeting of creditors.  The copy of that notice which goes into the court file will show only the last four digits of the number." Official Form B21, 2003 advisory committee notes.  This was true in this case. (Notice of Meeting of Creditors, Doc. No. 9.)

A party filing a document in the court with a Social Security number may include only the last four digits of that number in its filing. Fed. R. Bankr. P. 9037 (a)(1). All the filings made with the court which may be viewed by the public contain only those last four digits.  NDC and VMR have made no filings in this case that include the Debtor's Social Security number. The Debtor has alleged that the Chapter 13 Trustee through his agent Satori sent case information to NDC which contained debtors' nine digit Social Security numbers. (Doc. No. 167-2 at 4, para. 18.)  That authorization has terminated and the nine digit number has been deleted according to the the testimony of David Shapiro, NDC's Chief Operating Officer. (Declaration of David Shapiro, attached as Supporting Material to Confidential Expert Report of Professor Peter Swire, June 19, 2015; Debtor's Statement of Additional Undisputed Facts, Doc. No. 167-2 at.4, para. 19.)

The Debtor complains that VMR has misused information contained in the records of NDC which obtained that information from trustees under the auspices of providing services to those trustees.  NDC denies that it "wrongfully obtained the Debtor's Chapter 13 case information." (Response and Objection of NDC to Motion for Protective Order, para. 19, Doc. No. 84.)  The chapter 13 trustee in this case used those services during the period from the commencement date of the case until at least April of 2013.  Assuming for purposes of this motion that the Debtor's case information, including his complete Social Security number, was con-

9

veyed to NDC during this period and that such information was provided to VMR or other parties who were not parties in interest in the *Moore* bankruptcy case, that disclosure was not made from this court's records.

Nevertheless, the Debtor requests relief in the form of a protective order "requiring immediate redaction of and prohibition of the future use of and/or disclosure of [the Debtor's] Chapter 13 case information and personally identifiable information ("PII"), by to or from the following entities: [NDC and VMR]." (Debtor's Mtn. for Protective Order, Doc. No. 75.)

The question for the court is whether it has authority to grant such relief under section 107 of the Bankruptcy Code or under Rule 9037.  As noted in this court's decision *In re Bankston*:

> Although factually distinguishable from this matter, the case of *In re French*, 401 B.R. 295 (Bankr. E.D. Tenn. 2009), addressed this code section and rule. *In re French* involved an adversary proceeding in which the debtor was seeking a protective order and damages from a creditor who had filed a claim containing the debtor's Social Security number in the claims docket. Although the motion in this case does not seek damages and does not involve a creditor of the Debtor, this court finds the *French* court's discussion of the purpose and history of section 107 instructive in its analysis of the issue at hand.
>
>> Clearly, the Plaintiff falls within the scope of individuals as referenced in subsection (c); however, taking the statute as a whole, the court does not believe that § 107(c) was enacted for the special benefit of any specific class of persons. Rather, the purpose of § 107 as a whole is to ensure that papers filed in a bankruptcy case are public records, and the purpose of § 107(c), specifically, is to set forth a limited exception to the general rule that all records are public, allowing a court to limit public access of certain identification information if it determines that cause exists and dissemination of the information would constitute an undue risk of identity theft. In other words, the court agrees that, by authorizing the court to limit public access to certain types of papers, the statute "**addresses the operation of the court, not the behavior of parties who appear before it**[.]" *Southhall v. Check Depot, Inc. (In re Southhall),* 2008 Bankr.LEXIS 3446, at *7, 2008 WL 5330001, at *2 (Bankr.N.D.Ala. Dec.19, 2008); *see also Newton v. ACC of Enter., Inc. (In re Newton),* 2009 WL 277437, at *2 (Bankr. M.D. Ala. Jan. 29, 2009)
>
> *In re French*, 401 B.R. at 305-06 (emphasis added).

Continuing with a discussion of the legislative history of section 107, the court states:

> Although sparse, legislative history confirms Congressional intent as to the statutory purpose. Section 107 was amended by the addition of subsection (c) as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), to address privacy concerns and to prevent the "disclosure of sensitive information in light of the emerging problem of identity theft and also the possible need to protect individuals from domestic violence or other injury." 2 Collier On Bankruptcy ¶ 107.LH[2] (15th ed.2008). With respect to these issues, the legislative history giving rise to § 107(c) states as follows:
>
>> Privacy Protections. Under current law, nearly every item of information filed in a bankruptcy case is made available to the public. S. 256 restricts public access to certain personal information pertaining to an individual contained in a bankruptcy case file to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property. In addition, the bill prohibits the disclosure of the names of the debtor's minor children and requires such information to be kept in a nonpublic record, which can be made available for inspection only by the court and certain other designated entities. Further, S. 256 prohibits the sale of customers' personally identifiable information by a business debtor unless certain conditions are satisfied.
>>
>> H.R. Rep. 109–31(I), Pub. L. 109–8 (Apr. 8, 2005), U.S. Code Cong. & Admin. News 2005, p. 88.
>
> This legislative history evidences that Congress did not intend for § 107(c) to create a private right of action or to be a remedial statute in any way. Instead, it expressly discusses the duty of the court to restrict public access to the extent *the court* finds that disclosure of information creates an undue risk, and as such, reinforces that the sole purpose § 107(c) was to establish public access to court documentation with very limited exceptions and not to create a private right of action for the Plaintiff to seek damages for the filing of private personal information. Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted with respect to an alleged violation of § 107(c).

*Id.* at 306.

*In re Bankston*, 2015 WL 6126440, *3-4 (Bankr. E.D. Tenn. 2015) (emphasis added).

The Debtor's request seeks an order which would address the conduct of the parties rather than the operation of the court. The court has broad powers to fashion a remedy to protect

11

the information held in its own records.[1] However, the court has found no authority that it may require redactions in, or limitations on access to, records held by a third party obtained from a source other than the court. A review of the legislative history and the analysis in *In re French* leads the court to conclude that section 107 does not authorize the court to grant the relief requested. Section 107 gives the court authority to control access to its own records.

The court finds that Rule 9037, entitled "Privacy Protection for Filings Made With the Court," also relates only to filings made with the court and is not a basis for the relief requested. The title of the rule makes that clear, and the remedies provided by the rule relate to "a document filed with the court." Fed. R. Bankr. P. 9037(d)(2).

Because neither section 107 nor Rule 9037 provides a legal basis for formulating a remedy, the court finds that 11 U.S.C. § 105 alone does not grant this court "broad remedial powers" to provide the relief requested. *Pertuso v. Ford Motor Co.*, 233 F.3d 417, 423 (6th Cir. 2000).

Counsel for Mr. Moore has alleged that NDC and VMR have violated the Tennessee Identity Theft Deterrence Act of 1999, T.C.A. §§ 47-18-2101 – 2111. (Memorandum of Law in Support of Debtor's Response in Opposition to National Data Center, Inc.'s Motion to Deny Debtor [Motion] for a Protective Order, or in the Alternative, for Summary Judgment at 5, Doc. No. 167-3.) This statute provides a private cause of action for the unauthorized sharing of a Social Security number. The court notes that such a private cause of action does not fall within the scope of section 107. Also the Debtor's pursuit of that cause of action would be a proceeding to recover money or property from a third party and would require an adversary proceeding. Fed. R. Bankr. P. 7001(1). To the extent that the Debtor is seeking injunctive relief for himself or his

---

[1] Under section 107(b), the court has "myriad of options in fashioning an appropriate remedy." William T. Bodoh and Michelle M. Morgan, Protective Orders in the Bankruptcy Court: Congressional Mandate of Bankruptcy Code Section 107 and Its Constitutional Implications, 24 Hastings Const. L.Q. 67, 93 (1996). The court finds that the same would be true with subsection (c). *See In re Carter,* 2009 WL 3425828 (Bankr. N.D. Ala. October 23, 2009) (court granted sanctions against a creditor for improperly filed papers containing identifiers).

estate against NDC and VMR for violation of this state law, the request is procedurally deficient. Injunctive relief must be requested in an adversary proceeding. Fed. R. Bankr. P. 7001(7).

The court notes that it is a court of limited jurisdiction and can only act with the authority that Congress has given under the Bankruptcy Code. Because the code does not provide the court with the authority to grant the relief requested, the Debtor is unable to prevail under any set of facts. Therefore, summary judgment is appropriate in this instance.

### IV. Conclusion

Under the standard for summary judgment, the nonmoving party is entitled to have all inferences made in his favor. If the court considers all of Mr. Moore's allegations to be true, meaning that NDC and VMR received his case information from the Chapter 13 trustee and have transmitted that information to others who were not parties in interest in his case, there has not been any such information transmitted from the filings in the court's records. The court has not been provided, and has not been able to find on its own, any authority employing section 107 or Rule 9037 that would allow it to protect a debtor's PII obtained from a source other than the court's own records.

For the foregoing reasons, the court will grant the motions for summary judgment filed by National Data Center, Inc. and Valley of the Moon Royalties, Inc. and deny the Moore Motion for a protective order. Further, the court will vacate the order temporarily granting the Moore Motion entered on April 22, 2015 (Doc. No. 103).

A separate order will enter.

###